IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-359-FL

| | | |
|---|---|---|
| THERESA LYNN MYRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 27, 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R") (DE 32), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for supplemental security income on April 13, 2010, alleging disability beginning May 15, 2007. This application was denied initially and upon reconsideration. A video hearing was held on September 6, 2011, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated September 21, 2011. The appeals council denied plaintiff's request for review on October 31, 2012, and plaintiff filed the instant action on December 31, 2012.

# DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 13, 2010, the date of her application. At step two, the ALJ found that plaintiff had the following severe impairments: right knee impairment, right shoulder impairment, and bipolar disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, including lifting and carrying up to ten pounds occasionally and lesser amounts frequently, sitting for six hours in an eight-hour day, and occasionally standing and walking. The ALJ found plaintiff can perform activities such as occasionally climbing stairs or ramps, ladders, ropes or scaffolds, balancing, kneeling, crouching, crawling, reaching overhead, and frequent stooping. The ALJ also found plaintiff can perform simple, repetitive, routine tasks. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded

3

plaintiff was unable to perform any past relevant work. At step five, upon considering plaintiff's age, education, work experience and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.  Analysis

Plaintiff objects to the M&R's conclusion that the ALJ properly considered her impairments in determining her RFC. Specifically, she argues that the ALJ did not take note of relevant findings in plaintiff's medical records that support greater limitations regarding her right shoulder and hand. Plaintiff asserts that the ALJ did not address portions of medical examinations that occurred in March 2011 and April 2011, along with a report from a MRI on plaintiff's right shoulder performed January 29, 2011. Upon *de novo* review of plaintiff's objection, the court concludes that plaintiff's objection should be overruled.

1.  March and April 2011 Examinations

First, plaintiff argues the March 2011 examination's finding of 50 percent passive range of motion and 20 percent active range of motion in her right shoulder was "[c]ompletely missing from [the ALJ] analysis." (Obj. 3). However, the ALJ noted that plaintiff's January 2011 examination found her to be "extremely limited with painful range of motion," and that plaintiff's March 2011 examination showed "reduced range of motion secondary to pain." (Tr. 19). Indeed, the ALJ stated that it was restricting "exertional and postural limitations" in plaintiff's RFC to account for her right arm pain. (Tr. 20). Yet the ALJ found limitations beyond those noted in her RFC unsupported by the evidence of record.

The record indicated plaintiff's limitations were largely restricted to the deltoid muscle of

4

her shoulder. For instance, the March 2011 examination noted plaintiff's "[r]otator cuff strength actually seems to be okay," that she had "good shoulder shrug," and that "[s]he does not seem to have aggravation of her symptoms in her arm with neck movements but mostly it is focused right at the shoulder." (Tr. 343). Plaintiff's left arm moved "normally." (Id.). As to plaintiff's hand, the examination reported that her "[g]rip strength was down in general and she complains of numbness in her fingers but was not very specific about that and I cannot find it on skin testing." (Id.). She further complained of hand pain in a May 2011 examination, but this was caused "after hitting her hand into her dog accidentally." (Tr. 353). Such evidence does not indicate a disabling hand condition. An April 2011 nerve conduction study found "no other abnormalities" in her right arm outside of the deltoid and also reported "no obvious findings to explain symptoms radiating all the way down the entire arm." (Tr. 342). The record also included evidence that plaintiff could cook "as long as she does not have to stand for a long time," that she could do laundry while sitting, that she could wash dishes except for her difficulties standing, and that she could use a cane. (See 3rd Party Function Rep. – Adult, from Lisa Rosak (sister); Tr. 183-188). Substantial evidence supported the ALJ's RFC determination.

Plaintiff also asserts that the ALJ mischaracterized plaintiff's limited range of motion when she described it "as being secondary to pain," arguing that this characterization "is not at all what the examining physician states." (Obj. 3). Plaintiff goes on to cite portions of the record in support of her contention that she suffered from a nerve condition in the deltoid muscle, and that this condition, rather than mere pain, caused her reduced motion and weakness. (Id.). Yet plaintiff fails to explain how this distinction would have affected the ALJ's assessment of plaintiff's RFC. The

5

claimant's RFC is based on what he or she is capable of doing, not on the cause of those limitations. See 20 C.F.R. § 404.1545 ("Your residual functional capacity is the most you can still do despite your limitations"). Whether plaintiff's limitations were caused by a nerve condition or pain, it does not refute the ALJ's findings regarding the kind of activities she can perform.

Plaintiff challenges the ALJ's statement that "a nerve conduction study from April 2011 was normal aside from absence of activity in the deltoid," arguing that "the examining physician did not state the remainder of findings were normal." (Tr. 19). However, the physician stated that "[t]he other muscles are tested in the right upper extremity and no other abnormalities are seen," that "[t]he supraspinatus and infraspinatus are both tested and found to be normal," that "there is no obvious abnormality [in plaintiff's triceps]," and that "[t]here are no obvious findings to explain symptoms radiating all the way down the entire arm." (Tr. 345). The ALJ's characterization of the April 2011 examination is substantially accurate.

Plaintiff argues that the ALJ's discussion of plaintiff's MRI was insufficient because it failed to list the MRI's full findings, including a "linear signal extending into the subscapularis tendon. . . .consistent with an interstitial tear," "complete fatty atrophy of the teres minor muscle belly," "signal abnormality of the superior labrum concerning for tear," "lack of joint fluid" and "fluid collection within the infraspinatus muscle belly, consistent with a ganglion." (Tr. 356-57). The ALJ described the MRI as "showing an intact rotator cuff with tendonitis, and possibly a ganglion or some labral damage." (Tr. 19). Notably, this summation of the MRI is a near-exact quote of the interpretation that plaintiff's treating physician provided in his March 2011 examination report. (Tr. 343) ("[MRI] was read as having an intact rotator cuff with tendonitis.

6

Possibly a ganglion and possibly some labral damage."). The ALJ was entitled to rely upon the interpretation of a treating physician better-trained to determine the test's medical significance. The ALJ is not required to detail the full technical findings of a MRI to show that he considered it. Felton-Miller v. Astrue, No. 2:10-cv-5-FL, 2010 WL 4809028 (4th Cir. Nov. 17, 2010). Nor has plaintiff explained how these findings should have impacted the ALJ's assessment.

Finally, even if the ALJ's assessed RFC did not account for the full level of limitations in plaintiff's shoulder, it would not have effected the ultimate conclusion on disability. At hearing, plaintiff's counsel asked the vocational expert to consider the hypothetical that plaintiff was limited to occasional fingering and no overhead reaching. The expert replied that the plaintiff would only be able to perform one of the three categories of jobs she otherwise found plaintiff able to perform, that of machine tender. Yet the expert explained that the she eliminated the other two categories of jobs because they required "occasional fingering," not because they required overhead reaching. Furthermore, even the machine tender category included 1,126,000 jobs in the United States, and 14,550 in North Carolina. This number of jobs is sufficient to establish available work for plaintiff. Hodges v. Apfel, No. 99-2265, 2000 WL 121251, *1 (4th Cir. Jan. 28, 2000) (claim for disability benefits defeated when plaintiff qualified for 153 jobs); Hicks v. Califano, 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979)(110 jobs did not "constitute an insignificant number"). Thus, any errors arising from a failure to include additional limitations in the RFC were harmless. Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no

bearing on the procedure used or the substance of the decision reached.") (internal quotation omitted); see also Garner v. Astrue, 436 Fed. App'x 224, 226, n.* (4th Cir. 2011) (plaintiff failed to show he was harmed by ALJ's failure to list certain impairments).

Plaintiff also objects to the ALJ's decision to grant "great weight" to the opinions of medical consultants who conducted examinations in August 2010 and December 2010. Plaintiff argues that these consultants did not have the benefit of the January, March or April 2011 examinations or testing. As explained above, plaintiff has not shown how these later examinations should change the conclusion of disability. Accordingly, the objection is overruled.

In sum, substantial evidence supported the ALJ's decision regarding plaintiff's shoulder injury, and plaintiff's objections regarding the ALJ's consideration of her right shoulder and hand condition must be overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 27), GRANTS defendant's motion for judgment on the pleadings (DE 29), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED, this the 31st day of March, 2014.

LOUISE W. FLANAGAN
United States District Judge